IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, as Successor in Interest to Bank of America National Association, Successor by Merger to LaSalle Bank National Association, as Trustee for GSAMP Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2,<br><br>    Plaintiff,<br><br>V.<br><br>ROBERT W. WHITE, ROBERT ANTHONY WHITE, MICHELLE DENISE WHITE, BARBARA ANN WHITE, MARY ANN WHITE, LASUHDA WHITE REDD, and KEITH R. CONNER,<br><br>    Defendants. | No. 3:24-cv-1212-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff U.S. Bank National Association, as successor in interest to Bank of American National Association, successor by merger to LaSalle Bank National Association, as Trustee for GSAMP Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2 ("U.S. Bank") filed a Motion for Default Judgment against Defendants Robert W. White, Robert Anthony White, Michelle Denise White, Barbara Ann White, Mary Ann White, Lashunda White Redd, and Keith R. Conner. *See* Dkt. No. 23.

This case has been referred to the undersigned United States magistrate judge

-1-

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding judge. *See* Dkt. No. 3.

For the reasons explained below, the Court should grant U.S. Bank's Motion for Default Judgment [Dkt. No. 23].

## Background

This case concerns a mortgage and a foreclosure.

U.S. Bank alleges that Decedent Shirley White executed a Loan Agreement, consisting of a Note and Security Interest, in the property 1428 Chapman Drive, Lancaster, Texas 75134 (the "Property"). *See* Dkt. No. 1.

Under the Loan Agreement's original terms, Decedent promised to pay periodic payments of the original principal sum of $100,800.00 bearing an interest rate of 7.975% per annum. *See id.* at 5.

Decedent passed away on or about June 23, 2023. *See id.* at 6.

U.S. Bank, the current holder of the note, asserts that "[t]he Loan Agreement is currently due for the December 1, 2023 payment and all subsequent monthly payments." *Id.* U.S. Bank sent notice of default and loan acceleration via certified mail to the Property address, and the default was not cured. *See id.*

U.S. Bank brings this suit for declaratory judgment, enforcement of statutory probate lien, non-judicial foreclosure, and judicial foreclosure against Decedent's alleged heirs: Robert W. White, Robert Anthony White, Michelle Denise White, Barbara Ann White, Mary Ann White, Lashunda White Redd, and Keith R. Conner. *See id* at 2-3, 6-9.

After U.S. Bank served process on Defendants and they failed to answer, U.S. Bank filed a request for entry of default against them. *See* Dkt. No. 21. The Clerk of Court entered defaults on September 19, 2024. *See* Dkt. No. 22.

U.S. Bank now moves for a default judgment against Defendants Robert W. White, Robert Anthony White, Michelle Denise White, Barbara Ann White, Mary Ann White, Lashunda White Redd, and Keith R. Conner. *See* Dkt. No. 23.

## Legal Standards

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A plaintiff seeking a default judgment must establish: (1) that the defendant has been served with the summons and complaint and that default was entered for its failure to appear; (2) that the defendant is neither a minor nor an incompetent person; (3) that the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) that, if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013). The plaintiff must also make a *prima facie* argument showing there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a

default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules" of Civil Procedure. *Id.* The clerk will enter default when "default is established by an affidavit or otherwise." *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *See id.*

The Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). But this policy is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").

Before entering a default judgment, a court should consider any relevant factors. Those factors may include "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel

obligated to set aside a default on the defendant's motion." *Arch*, 2013 WL 145502, at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Court should also consider whether the defendant has a meritorious defense to the complaint. *See id.*

An entry of default "does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *United States of Am. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (cleaned up); *cf. Jackson v. FIE Corp.*, 302 F.3d 515, 524-31 (5th Cir. 2002) (holding that jurisdictional allegations and findings supporting a default judgment are not entitled to preclusive effect in the personal-jurisdiction context of Federal Rule of Civil Procedure 60(b)(4)). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (cleaned up).

## Analysis

### I. The Court has subject matter jurisdiction and personal jurisdiction.

U.S. Bank has shown there is jurisdiction over this action and the parties.

This Court has jurisdiction under 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and attorneys' fees.

U.S. Bank is the trustee of a traditional trust. *See* Dkt No. 1 at 3.

When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, the trustee's citizenship controls, not the citizenship of the beneficiaries of the trust. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980); *see also Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F. Supp. 2d 261, 263 (S.D.N.Y. 2008).

U.S. Bank is a national banking association with its main office in Delaware. *See* Dkt No. 9 at 4. And, so, U.S. Bank is a citizen of Delaware for diversity purposes. S*ee Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that a national bank is a citizen of the state in which its main office is located).

U.S. Bank alleges that Defendant Robert W. White is a citizen of Nevada; Defendant Michelle Denise White is a citizen of Texas; and Defendants Robert Anthony White, Barbara Ann White, Mary Ann White, Lashunda White Redd, and Keith R. Conner are citizens of California for diversity purposes, establishing complete diversity as required for diversity jurisdiction. *See* Dkt. No. 9 at 2-4.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013).

Here, the "object" of the litigation is the Property.

U.S. Bank alleges that the Dallas County Central Appraisal District values the Property at $267,070.00, which exceeds the $75,000 threshold jurisdictional requirement. *See* Dkt No. 1 at 4.

A judgment "without personal jurisdiction is void," and a "district court has the

-6-

duty to ensure it has the power to enter a valid default judgment." *Sys. Pipe & Supply*, 242 F.3d at 324.

This Court has personal jurisdiction over Defendants. "[T]he Texas long-arm statute extends to the limits of federal due process." *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Relations, Div. of Occupational Safety & Health of the State of Cal.*, 1 F.4th 346, 351 (5th Cir. 2021). Federal due process requires that "the suit aris[es] out of or relate[s] to the defendant[s'] contacts with" Texas. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

The lawsuit concerns real property located in the Northern District of Texas. *See* Dkt. No. 1 at 3.

And, so, this Court has personal jurisdiction over Defendants.

**II.     The procedural requirements for default judgment have been met.**

U.S. Bank has satisfied the prerequisites for entry of default judgment against Defendants Robert W. White, Robert Anthony White, Michelle Denise White, Barbara Ann White, Mary Ann White, Lashunda White Redd, and Keith R. Conner.

U.S. Bank served Barbara Ann White, Keith R. Conner, and Robert Anthony White on June 7, 2024; Mary Ann White on June 10, 2024; Michelle Denise White on June 13, 2024; and Robert W. White and Lashunda White Redd on June 27, 2024. *See* Dkt. No. 21 at 2-3.

The Clerk of Court entered Default against all Defendants on September 19, 2024. *See* Dkt. No. 22.

U.S. Bank alleges that Defendants Robert W. White, Robert Anthony White,

-7-

Michelle Denise White, Barbara Ann White, Mary Ann White, Lashunda White Redd, and Keith R. Conner are not minors or incompetent persons, *see* Dkt. No. 23-1 at 4, and submitted evidence that they are not in active military service. *See id* at 5-33.

And, so, U.S. Bank meets the procedural requirements for entry of default against Defendants Robert W. White, Robert Anthony White, Michelle Denise White, Barbara Ann White, Mary Ann White, Lashunda White Redd, and Keith R. Conner.

### III.   U.S. Bank's pleading supports default judgment.

  a.  <u>U.S. Bank meets the elements required for non-judicial foreclosure.</u>

U.S. Bank seeks to enforce its lien through non-judicial foreclosure under Section 51.002 of the Texas Property Code. *See* Dkt. No. 1 at 8.

"In Texas, to foreclose under a security instrument with a power of sale, the lender is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default under the note and security instrument; and (4) the borrower has been properly served with notice of default and acceleration." *Singleton v. U. S. Bank Nat'l Ass'n*, No. 4:15-cv-100-A, 2016 WL 1611378, at *7 (N.D. Tex. Apr. 20, 2016) (cleaned up).

U.S. Bank has alleged a debt exists. Under the terms of the Loan Agreement, Decedent Shirley White promised to repay the original principal sum of $100,800.00 plus interest. *See* Dkt. No. 1 at 5.

The debt is secured by a lien on the Property under Article 16, Section 50(a)(6) of the Texas Constitution because Decedent executed a Deed of Trust, which was recorded in the Official Public Records of Dallas County as Instrument No.

20070030037. *See id.* U.S. Bank provided a copy of the Deed of Trust reflecting the same. *See* Dkt. No. 1-1 at 7-30.

There is a default on the loan. U.S. Bank alleges that the Loan Agreement is due for the December 1, 2023 payment and all subsequent monthly payments. *See* Dkt. No. 1 at 6.

U.S. Bank sent notice of default and loan acceleration via certified mail to the Property address. *See id.* U.S. Bank provided a copy of the notice of default, *see* Dkt. No. 1-1 at 35-41, and the notice of loan acceleration, *see id.* at 42-44, reflecting the same.

"Service of notice is complete when the notice is sent via certified mail." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).

And, so, U.S. Bank has met the elements for non-judicial foreclosure.

While some courts have found that non-judicial foreclosure is not a viable claim, "a majority of courts … appear to cut in favor of reading a breach of contract claim into a judicial foreclosure claim, where only the latter is pleaded." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2019 WL 3802167, at *5 (N.D. Tex. May 31, 2019).

While U.S. Bank does not plead a breach of contract claim in its complaint, it refers to the Loan Agreement as a "mortgage contract." Dkt. No. 1 at 4. And it states this suit arises, in part, out of a "material breach of the Loan Agreement." *Id* at 8.

And, so, the Court should treat the request for non-judicial foreclosure as containing a breach of contract claim, and the undersigned analyzes it under that

framework as well.

>    b.  <u>U.S. Bank meets the elements required for a breach of contract claim.</u>

In Texas, the essential elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp.*, LLC, 490 F.3d 380, 387 (5th Cir. 2007). "A breach occurs when a party fails to perform a duty required by the contract." *Id.*

Here, U.S. Bank alleges that it is the current holder and owner of the Loan Agreement. *See* Dkt. No. 1 at 6. Decedent promised to pay periodic payments of the original principal sum of $100,800.00 bearing an interest rate of 7.975% per annum. *See id.* at 5. U.S. Bank alleges all conditions have been performed to enforce its security interest against the Property. *See id.* at 7. Defendants defaulted and failed to cure the default, which resulted in loan acceleration. *See id.* at 6. And U.S. Bank alleges quantifiable damages by including the unpaid amount that caused the default under the Loan Agreement, which remained uncured and caused the loan maturity to accelerate. *See* Dkt. No. 1-1 at 39.

Taking U.S. Bank's allegations as true, it has satisfied the elements of a breach of contract claim in showing (1) a valid contract existed in the form of a Loan Agreement, (2) that U.S. Bank fully performed under the Loan Agreement, (3) Defendants failed to perform in paying under the Loan Agreement, and (4) U.S. Bank sustained damages for the unpaid payments as a result of the breach. *Accord Ocwen*,

2019 WL 3802167, at *6-*7 (finding that plaintiff had pleaded a meritorious breach of contract claim).

And, so, U.S. Bank adequately pleaded a breach of contract claim.

### c. <u>U.S. Bank has standing to initiate a non-judicial foreclosure.</u>

U.S. Bank is the proper party to enforce the remedies afforded to the lender under the terms of the Loan Agreement.

> Under the Texas Property Code, a party has standing to initiate a nonjudicial foreclosure sale if the party is a mortgagee. *See* TEX. PROP. CODE §§ 51.002, 51.0025. A mortgagee includes the grantee, beneficiary, owner, or holder of a security instrument, such as a deed of trust, or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4), (6).
>
> Even if a party does not have a recorded interest in a security instrument, the party may still have standing to foreclose if the party is the holder or owner of a note secured by the instrument. This rule derives from the common law maxim, now codified in Texas, that "the mortgage follows the note." *See* TEX. BUS. & COM. CODE § 9.203(g) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien."); *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03-11-00429-CV, 2012 WL 1839357, at *4 (Tex. App.—Austin May 18, 2012, pet. denied) (mem.op.).

*EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App. – Houston [14th Dist.] 2016, no pet.); *see also* TEX. PROP. CODE §§ 51.002, 51.0025.

U.S. Bank qualifies as a "mortgagee" under Chapter 51 of the Texas Property Code. *See* TEX. PROP. CODE § 51.0025; Dkt. No. 1 at 6. It is the current holder of the note secured by the deed of trust. *See id.*

And, so, U.S. Bank can properly bring this claim.

-11-

    d.  <u>U.S. Bank is entitled to its reasonable attorneys' fees.</u>

U.S. Bank requests attorneys' fees in its Complaint, *see id* at 9, and its Motion for Default Judgment, *see* Dkt. No. 23 at 6. The Court should grant U.S. Bank its reasonable attorneys' fees in accordance with the Loan Agreement and Texas Civil Practice and Remedies Code § 38.001.

Texas law applies to an award of attorneys' fees in diversity cases such as this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts. *See Richardson v. Wells Fargo Bank, Nat'l Ass'n*, 740 F.3d 1035, 1040 (5th Cir. 2014); *Santry v. Ocwen Loan Servicing LLC*, No. 3:23-cv-649-K-BN, 2024 WL 4229990, at *9 (N.D. Tex. Sept. 3, 2024).

Here, the Loan Agreement states that "the Note Holder will have the right to be paid back by [borrower] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." Dkt. No. 1-1 at 4.

Because it is permitted in the relevant loan documents, U.S. Bank is entitled to its reasonable attorneys' fees for pursuing its non-judicial foreclosure claim under the Loan Agreement. *See Santry*, 2024 WL 4229990, at *9.

The Court should order U.S. Bank to file a separate application for attorneys' fees, no later than 14 days after entry of a judgment in this case, that establishes the amount of the reasonable and necessary attorneys' fees and costs that it has incurred, with supporting evidence, based on an acceptable method for calculating attorneys'

fees under the Loan Agreement at issue in this case.

**IV.     Consideration of other factors supports default judgment.**

Although default judgment is a harsh remedy, Defendants' failure to answer U.S. Bank's complaint supports default judgment.

There has not been substantial prejudice against Defendants Robert W. White, Robert Anthony White, Michelle Denise White, Barbara Ann White, Mary Ann White, Lashunda White Redd, and Keith R. Conner.

There are clearly established grounds for default: they failed to answer U.S. Bank's complaint.

And there is no indication that their default was caused by good faith mistake or excusable neglect.

And, so, the Court would not necessarily feel obligated to set aside a default (should a motion to do so be filed). *See Lindsey*, 161 F.3d at 893.

**Recommendation**

The Court should grant U.S. Bank's Motion for Default Judgment against Defendants Robert W. White, Robert Anthony White, Michelle Denise White, Barbara Ann White, Mary Ann White, Lashunda White Redd, and Keith R. Conner [Dkt. No. 23].

The Court should also issue an order awarding U.S. Bank its attorneys' fees to be determined by subsequent motion practice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: February 10, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE