IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, as Successor in Interest to Bank of America National Association, Successor by Merger to LaSalle Bank National Association, as Trustee for GSAMP Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2,<br><br>Plaintiff,<br><br>V.<br><br>ROBERT W. WHITE, ROBERT ANTHONY WHITE, MICHELLE DENISE WHITE, BARBARA ANN WHITE, MARY ANN WHITE, LASHUNDA WHITE REDD, and KEITH R. CONNER,<br><br>Defendants. | No. 3:24-cv-1212-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff U.S. Bank National Association, as successor in interest to Bank of America National Association, successor by merger to LaSalle Bank National Association, as Trustee for GSAMP Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2 ("U.S. Bank") filed a Motion for Attorneys' Fees and Costs against Defendants Robert W. White, Robert Anthony White, Michelle Denise White, Barbara Ann White, Mary Ann White, Lashunda White Redd, and Keith R. Conner (collectively, "Defendants"). *See* Dkt. No. 27.

This case has been referred to the undersigned United States magistrate judge

-1-

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding judge. *See* Dkt. No. 3.

For the reasons explained below, the Court should grant U.S. Bank's motion [Dkt. No. 27].

## Background

Prior orders have documented the background of this case. *See* Dkt. No. 24. The information that follows is repeated here for reference and supplemented with information relevant to the issues now presented before the Court.

This case concerns a mortgage and a foreclosure. U.S. Bank alleges that Decedent Shirley White executed a Loan Agreement, consisting of a Note and Security Interest, in the property 1428 Chapman Drive, Lancaster, Texas 75134 (the "Property"). *See* Dkt. No. 1.

Under the Loan Agreement's original terms, Decedent promised to pay periodic payments under the original principle sum of $100,800.00 bearing an interest rate of 7.975% per annum. *See id.* at 5.

Decedent passed away on or about June 23, 2023. *See id.* at 6.

U.S. Bank, the current holder of the note, asserts that "[t]he Loan Agreement is currently due for the December 1, 2023 payment and all subsequent monthly payments." *Id.* U.S. Bank sent notice of default and loan acceleration via certified mail to the Property address, and the default was not cured. *See id.*

U.S. Bank then brought suit for declaratory judgment, enforcement of statutory probate lien, non-judicial foreclosure, and judicial foreclosure against Decedent's

-2-

alleged heirs: Robert W. White, Robert Anthony White, Michelle Denise White, Barbara Ann White, Mary Ann White, Lashunda White Redd, and Keith R. Conner. *See id*. at 2-3, 6-9.

After U.S. Bank served process on Defendants and they failed to answer, U.S. Bank filed a request for entry of default against them. *See* Dkt. No. 21. The Clerk of Court entered defaults on September 19, 2024. *See* Dkt. No. 22.

After accepting the undersigned's findings, conclusions, and recommendation that the Court should grant U.S. Bank's motion for default judgment against Defendants, *see* Dkt. No. 25, the Court entered a default judgment in U.S. Bank's favor, *see* Dkt. No. 26. And the Court ordered that U.S. Bank was entitled to recover its attorneys' fees and costs from Defendants in an amount to be determined by a subsequent motion. *See id* at 3.

U.S. Bank then filed its Motion for Attorneys' Fees and Costs. *See* Dkt. No. 27.

**Legal Standard**

"Texas law is applicable to the award of attorneys' fees in diversity cases like this one." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-cv-2589-M-BN, 2016 WL 2856006, at *5 (N.D. Tex. Apr. 18, 2016) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). "Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts." *TFHSP, LLC Series 10147*, 2016 WL 2856006, at *5 (citing *Richardson v. Wells Fargo Bank*, N.A., 740 F.3d 1035, 1040 (5th Cir. 2014) (analyzing Texas law and determining that motions for attorneys' fees provided by mortgage contracts are permissible under Federal Rule of Civil Procedure 54(d)(2)).

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see also Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 157 (5th Cir. 2015) (applying lodestar method to claims under the FDCPA). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended.

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). "However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)]." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

## Analysis

### I.  Attorneys' Fees

U.S. Bank seeks recovery of $5,160.00 in attorneys' fees for work performed at an hourly rate of $270.00 and $330.00. And it seeks $2,380.00 in paralegals' fees for work performed at an hourly rate of $100.00. *See* Dkt. No. 27 at 3-4, 6.

U.S. Bank billed 18.4 hours of attorney work and 23.8 hours of paralegal work. *See id.* at 4, 6.

In support of its motion, U.S. Bank submits the declaration of attorney Crystal C. Gibson of Mackie Wolf Zientz & Mann, P.C., which detailed the experience of the attorneys and paralegals who worked on the case and her experience regarding attorneys' and paralegals' fees in creditor-debtor litigation work. *See* Dkt. No. 27-1 at 1-5.

U.S. Bank provided itemized billing statements that detailed the work completed and costs incurred during the case. *See id.* at 9-31. The entries on the billing invoices include narratives of the work performed. *See id.*

Having reviewed the narratives recorded in billing records, the undersigned finds that the time spent handling the various tasks in this matter as described was reasonable.

Ms. Gibson states in her declaration that she is the Director of Litigation for Mackie Wolf Zientz & Mann, P.C., which represents U.S. Bank in this case, and that she has over 20 years of experience in performing mortgage litigation work in Texas federal and state courts. *See id.* at 1-5. And the declaration shows that the experience

of the other attorneys and paralegals who worked on this case ranges from about two to over 25 years. *See id.*

Ms. Gibson provides the State Bar of Texas's 2015 Hourly Fact Sheet and 2020 Paralegal Compensation Survey to show the reasonable rates for attorneys and paralegals practicing mortgage foreclosure litigation in the Dallas-Fort Worth-Arlington area, and she adjusts the rates for inflation. *See id.* at 3-5; *see also Peterson v. Tenant Tracker, Inc.*, No. 6:20-CV-00588-JDK, 2021 WL 4956244, at *2 (E.D. Tex. Sept. 30, 2021) (finding it appropriate to consult the State Bar of Texas Hourly Fact Sheet); *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 852-53 (S.D. Tex. 2017) (using market rates in the community to determine reasonable hourly rates for paralegals).

Considering the experience of the Mackie Wolf Zientz & Mann, P.C. attorneys and paralegals and the local market rates, the undersigned finds that the requested hourly rates enumerated in Ms. Gibson's declaration are reasonable and within the market rates for attorneys and paralegals handling this type of litigation in the Dallas area. *Accord Gilman v. Shellpoint Mortg. Servicing*, No. 3:22-cv-1283-S-BT, 2024 WL 718204 at *6 (N.D. Tex. Jan. 18, 2024) (finding hourly rates of $350.00 for experienced attorneys and $105.00 for a paralegal reasonable in mortgage litigation case).

Based on the motion and the supporting documents, the undersigned finds the appropriate lodestar here to be calculated as the sum of 15.2 hours of work performed by an attorney at $270.00 an hour ($4,104.00) and 3.2 hours of work performed by attorneys at $330.00 an hour ($1,056.00), for a total of $5,160.00, and the sum of 23.8

hours of work performed by paralegals at $100.00 an hour ($2,380.00), for a total of $7,540.00.

U.S. Bank does not seek an enhancement of the attorneys' fees, and there are no other exceptional circumstances. The undersigned has considered the *Johnson* factors and finds that none of them weigh in favor of modifying the lodestar.

And, so, the Court should find that the fees request in the amount of $7,540.00 is reasonable.

## II.   Costs

U.S. Bank also seeks $1,405.50 in process server costs and $405.00 in filing costs. *See* Dkt. No. 27 at 8-9; Dkt. No. 27-1 at 25-31.

"Federal Rule of Civil Procedure 54(d)(1) allows the Court to award costs to the prevailing party in an action. Taxable court costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of the deposition transcript; (3) printing costs and witness fees; (4) fees for copies of papers necessarily obtained for use in the case; (5) certain docket fees; and (6) compensation of court-appointed experts and interpreters." *TFHSP, LLC Series 10147*, 2016 WL 2856006, at *5 (citing 28 U.S.C. § 1920).

The United States "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45, 107 S.Ct. 2494 [1987]) (cleaned

up).

Payment for private process servers is not included in the enumerated list. *See* 28 U.S.C. § 1920; *see also Marmillion v. Am. Intern. Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (in the Fifth Circuit, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920*")*; *Wilmington Sav. Fund Soc'y, FSB v. Barr*, No. 3:22-cv-735-S-BN, 2024 WL 4125384 (N.D. Tex. Aug. 8, 2024).

The loan agreement states that "the Note Holder will have the right to be paid back by [borrower] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law." *See* Dkt. No. 1-1 at 4. And the mortgage contract states that the "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided…." *See* Dkt. No. 1-1 at 20.

The undersigned finds this agreement specific enough to overcome the general rule that process server costs are not recoverable. *See Carrington Mortg. Servs., LLC v. Tackett*, No. 2:23-cv-00124, 2024 WL 5440743, at \*2 (S.D. Tex. Nov. 7, 2024) (awarding costs not specified in Section 1920 when contract contained similar language); *see also Wilmington Tr., Nat'l Ass'n as Tr. for MFRA Tr. 2015-2 v. Martinez*, No. 5:20-cv-254-H-BQ, 2021 WL 2324174, at \*5 (N.D. Tex. Apr. 14, 2021) (finding recovery for "all … costs and expenses enforcing [the] Note to the extent not prohibited by applicable law" to include process server costs) ), *rec. adopted*, 2021 WL 2322638 (N.D. Tex. June 7, 2021).

And, so, the Court should find that the loan agreement provided a contractual

authorization to pay process server costs beyond the enumerated costs in Section 1920, amounting to $1,405.50.

U.S. Bank also seeks $405.00 in filing costs. Because these costs are enumerated in Section 1920, the Court should grant U.S. Bank's request.

And, so, the Court should award $1,405.50 in process server costs and $405.00 in filing costs, totaling $1,810.50.

## Recommendation

The Court should grant U.S. Bank's Motion for Attorneys' Fees and Costs [Dkt. No. 27] and award U.S. Bank $7,540.00 in attorneys' and paralegals' fees, and $1,810.50 in additional costs, for a total of $9,350.50.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judges' findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 3, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE